IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-02283 |
| | § | |
| DR. SHATISH PATEL | § | |
| BEECHNUT DIALYSIS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Charles Adams filed a "Civil Rights Complaint" against Dr. Shatishkumar Y. Patel, who moved to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Patel alternatively moved for a more definite statement under Rule 12(e). (Docket Entry No. 5). Adams responded to the motion. (Docket Entry No. 8). Based on a careful review of the complaint, the motion, the response, and the applicable law, and taking into account the fact that Adams is representing himself, this court denies Patel's motion to dismiss but grants the motion for a more definite statement. Adams must file an amended pleading that is clearer and more specific in describing the grounds for his suit against the defendants, no later than **October 30, 2009**. The reasons for this ruling are explained below.

**I.     The Complaint**

Adams filed a "Civil Rights Complaint" against Patel and the Beechnut Dialysis Center on July 17, 2009. (Docket Entry No. 1). Adams alleges that he was Patel's patient. Beginning on March 15, 2007, Adams began receiving dialysis treatments at the Beechnut Dialysis Center. (Docket Entry No. 1 at 2). In his complaint, Adams states: "Plaintiff, Curtis Adams, has been

subjected to discrimination by Dr. Patel by taking my rights to see the dialysis machine when I am on it. Not allowing my wife to see me and check on me." (Docket Entry No. 1 at 1). Adams also alleges that Patel "conspired" with workers at Davita Dialysis Center, where Adams had previously been a patient, "to blackball plaintiff from dialysis and he had a heart attack." (*Id.*). Adams attached a letter from Patel stating: "[o]n one of the conversations with Davita Dialysis Center it was mentioned that he [Adams] should be rejected from Beechnut Hemodialysis Center as he is a 'Trouble maker.'" (*Id.* at 2).

In his motion to dismiss, Patel asserts that when Adams was at the Beechnut Dialysis Center, he "continually refused to comply with both physician's orders and facility policies." (Docket Entry No. 5 at 2). Patel cites as examples that Adams adjusted and manipulated the dialysis machines during his treatment and that his wife entered the restricted dialysis area. (*Id.*). Patel maintains that "[d]espite repeated verbal and written warnings, Mr. Adams and his wife persisted in this behavior." (*Id.*). As a result, Patel and the Beechnut Dialysis Center asked Mr. Adams to seek treatment elsewhere. (*Id.*). In his motion to dismiss, Patel maintains that "Mr. Adams's Complaint is entirely vague and conclusory." (Docket Entry No. 5 at 3). Patel interprets Adams's claim as a civil action for deprivation of rights under 42 U.S.C. § 1983. (*Id.*). Patel argues that Adams has failed to allege the violation of a right secured by the Constitution or federal law or conduct by someone acting under color of state law.[1] (*Id.*).   *See Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th

---

[1]  42 U.S.C. § 1983 states in pertinent part:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

Cir. 2005).

Adams responded to Patel's motion on August 17, 2009.  (Docket Entry No. 8).  Adams stated that Patel lied in his motion, "[b]ecause he [Patel] is trying to defraud this court and is disrespectful to this court by lying to this court." (*Id*.).  Adams alleged that the Beechnut Dialysis Center does not have a restricted area and patients are allowed to have visitors, but "Curtis Adams could not, because I am in a mix marriage." (*Id*.).  It appears that Adams is stating a racial discrimination claim.

## II.     The Motion to Dismiss under Rule 12(b)(6)

Under Rule 8(a)(2), Fed. R. Civ. P., a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil Procedure 12(b)(6) allows a claim to be dismissed if a plaintiff fails to "state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), the Supreme Court clarified the standards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim.[2]  The Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d. 868, 2009 WL 1361536 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*.  The Court explained

---

[2]

Before *Twombly*, the standard for a Rule 12(b)(6) motion was "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

3

that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at *12 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Adams is representing himself. Courts liberally construe a *pro se* litigant's pleadings. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 39 L.Ed. 2d 652 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers); *see also, Moore v. Mukasey,* 2008 U.S. Dist. LEXIS 79479 (S.D. Tex. October 9, 2008). Two weeks after the Supreme Court held in *Twombly* that a plaintiff must plead particular facts in his complaint, 127 S.Ct. at 1965, the Supreme Court clarified how *Twombly* applies in the context of *pro se* claims. In *Erickson v. Pardus*, 551 U.S. 89, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), the Court held that a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers. In *Erickson*, which involved a prisoner bringing a § 1983 claim against prison officials, the Court held that the plaintiff was not required to state specific facts in his complaint. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. at 1964).

This court does not assume, as Patel does, that Adams is stating a claim under 42 U.S.C. §1983. His complaint fails to allege that any state actor deprived him of a federally protected right. But Adams appears to allege that he was subjected to racial discrimination in the treatment he received at the Beechnut Dialysis Center. Such a claim could arise under 42 U.S.C. § 1981, which

4

prohibits discrimination in contracts, or under 42 U.S.C. § 2000d, Title VI, which prohibits "discrimination under any program or activity receiving Federal financial assistance." 42 C.F.R. § 124.9(a). Title VI only applies to federally financed care, requires a person seeking relief to file an administrative complaint before filing suit, and does not permit recovery against an individual defendant such as Patel. *See generally Alexander v. Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed. 2d 517 (2001) (holding that § 601 of Title VI prohibits only intentional discrimination); *Peters v. Jenney*, 327 F.3d 307, 315 (4th Cir. 2003) ("It is well-settled that there is an implied private right of action to enforce § 601's core prohibition of discrimination in federally financed programs.").

Because the complaint is filed *pro se*, and because Adams has identified a claim of racial discrimination in the provision of dialysis services, this court denies the motion to dismiss.

### III.    The Motion for More Definite Statement under Rule 12(e)

A district court will grant a motion for a more definite statement under Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The Supreme Court has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion.

Adams's complaint is difficult to follow. He does not identify the legal basis for the claim he asserts. To provide the defendants with a basis to file a responsive pleading, Adams is ordered to file an amended complaint that is clearer and more specific in describing the grounds for the allegations and the relief sought. The amended complaint must be filed no later than **October 30,**

**2009.**

**IV.    Conclusion**

The motion to dismiss is denied.  The motion for more definite statement is granted.  The amended complaint must be filed no later than **October 30, 2009**.  Failure to comply may lead to dismissal of this action.

SIGNED on September 28, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge