**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CURTIS ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-02283 |
| | § | |
| DR. SHATISH PATEL and | § | |
| BEECHNUT DIALYSIS, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Elizabeth Adams, the widow of plaintiff Curtis Adams, has filed a letter asking the court to reconsider its November 25, 2009 order dismissing this suit for failing to prosecute and for failing to comply with a court order requiring repleading. For the reasons discussed below, this court construes her pro se filing as a motion for substitution and reconsideration. Based on a careful review of the filings and the applicable law, this court orders Elizabeth Adams to show that she is an authorized legal representative of Curtis Adams's estate. Elizabeth Adams must file a statement showing her authority to pursue this case as Curtis Adams's estate's legal representative no later than February 8, 2010. If substitution is granted, Elizabeth Adams will have to file an amended pleading no later than March 15, 2010. Failure to do so will lead to the dismissal of this case.

**I.     Background**

On July 17, 2009, Curtis Adams filed this suit. (Docket Entry No. 1). On August 6, 2009, Patel moved to dismiss or for a more definite statement. (Docket Entry No. 5). This court granted the motion and ordered repleading by October 30, 2009. (Docket Entry No. 9). Adams did not replead or take other action. On November 3, 2009, Patel again moved to dismiss. (Docket Entry

No. 10). On November 25, 2009, after no activity in the case, this court dismissed for failure to prosecute and for failure to comply with court orders. (Docket Entry No. 20).

On December 2, 2009, Elizabeth Adams filed a letter, written in Spanish, with the court. The letter stated that Curtis Adams had died on October 14, 2009 and attached the death certificate. (Docket Entry No. 21). In her letter, Elizabeth Adams asked for thirty days to find a lawyer to continue with her husband's case. (*Id.*). She also asked the court to recommend a lawyer. (*Id.*).

Beechnut Dialysis ("Beechnut") responded, (Docket Entry No. 23), arguing that if the letter is considered a motion either under Federal Rule of Civil Procedure 59 or Rule 60(b), it should be denied because Elizabeth Adams is not a party to the suit, (*Id.* at 2). Beechnut argues that Elizabeth Adams has not complied with the procedure that applies when a party to a lawsuit dies. (*Id.* at 2–3). In the alternative, the defendant argues that Adams does not meet the standards for reconsideration established by Rule 59 or Rule 60. (*Id.* at 3–8).

## II.     Substitution of a Party Who Has Died

Rule 25 of the Federal Rules of Civil Procedure provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." A formal suggestion of death has not been filed in this case, but "[a] motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death." FED. R. CIV. P. 25, advisory committee's note; *see Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005).

On September 28, 2009, this court ordered Curtis Adams to file a more definite statement by October 30. He died on October 14. This case was dismissed without prejudice on November 25 for failure to prosecute and for failure to follow the court's order. On December 2, 2009, Elizabeth Adams filed her letter informing the court of her husband's death. It is appropriate to read Elizabeth Adams's letter as a suggestion of death and as a motion to substitute herself as the party under Rule 25(a). *See Fin. Fed. Credit, Inc. v. NE Rentals, Inc.*, No. H-09-2956, 2009 WL 4667571, at *2 n.17 (S.D. Tex. Dec. 1, 2009) (pro se case).

Beechnut argues that a Rule 25 substitution cannot be granted because the case was dismissed before the motion was made. Beechnut relies on the statement in Rule 25 that a party can be substituted if "the claim is not extinguished" and argues that the claims in this were "extinguished" when this court dismissed for failure to prosecute and comply with court orders. (Docket Entry No. 23 at 3). The cases applying Rule 25 show that this statement refers to claims that are extinguished by reason of the party's death; the rule prevents revival of causes of action that would otherwise not survive the deceased party's death under state or federal law. *See, e.g.*, *Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008) ("[Rule 25] provides that if the claim on which the suit is based survives the death (some claims, such as claims of defamation, die with the claimant), the court may order the substitution of the proper party, ordinarily the personal representative of the party who has died."); *Marcano v. Offshore Venezuela, C.A.*, 497 F. Supp. 204, 208–09 (E.D. La. 1980) (holding that the plaintiff's widow did not establish that the plaintiff's claims were not extinguished when he died); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 7C FEDERAL PRACTICE AND PROCEDURE § 1952 (3d ed. 2007) ("Whether the death of a party extinguishes a claim for or against the party is not a question of procedure. It is a question

of substance on which the state law ordinarily governs.  In a federal-question case, federal law and federal decisions, rather than state law, determine whether the action survives the death of a party . . . ." (footnotes omitted)); 35A C.J.S. *Federal Civil Procedure* § 204 ("In an action in the federal courts, if a party dies and the claim is not thereby extinguished, the court is authorized to order substitution of the proper parties. . . . If the cause of action abates at, and does not survive, the death of a party, substitution is not authorized.").

Rule 25 requires that a motion for substitution be made by a party or "by the decedent's successor or representative." FED. R. CIV. P. 25(a).  Courts have interpreted this to require that the substitution be of a legal representative. *See Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("Although it is generally accepted that the proper party for substitution must be a 'legal representative' of the deceased, the addition of the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate. Thus, we have held not only that an executor or administrator of a decedent's estate is a proper party for substitution, but also that the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party." (citations omitted)); *Marcano*, 497 F. Supp. at 207–08 (holding that the plaintiff's widow failed to establish that she was her husband's legal representative).  Elizabeth Adams must file documentation to establish that she is Curtis Adams's legal representative or successor by February 8, 2010.

### III.     Motion for Reconsideration

Assuming that Elizabeth Adams can establish that she is Curtis Adams's legal representative, her letter, read broadly as is appropriate for a pro se filing, is also a motion for reconsideration of the court's November 25 order of dismissal.  The Federal Rules of Civil Procedure do not

specifically authorize motions for reconsideration, but motions for reconsideration are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 3190452, at * 4 (S.D. Tex. Sept. 28, 2009). Under the version of Rule 59(e) in effect when this court dismissed Curtis Adams's claims, the motion to alter or amend judgment must have been filed within ten days of the entry of judgment. *See id.* Although Elizabeth Adams filed her letter within ten days of the entry of the order of dismissal, the defendant argues that Rule 59(e) does not apply because she did not caption her letter as a Rule 59(e) motion and cannot establish a manifest error of law or fact or present newly discovered evidence. *See id.* The court need not resolve these arguments because Elizabeth Adams has shown excusable neglect under Rule 60(b).

Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). This court dismissed this suit because Adams failed to prosecute and to respond to court orders. Adams was proceeding pro se. He died on October 14, well before the October 30 deadline to file an amended complaint. The death of the pro se plaintiff caused the failure to prosecute and comply with court orders. That is excusable. *Cf. Gravatt v. Paul Revere Life Ins. Co.*, 101 F. App'x 194 (9th Cir. 2004) (holding that the district court abused its discretion in refusing to grant a Rule 60(b) motion when the plaintiff claimed that the failure to meet filing obligations, obey court orders, respond to motions or pleadings, and file a statement of controverting facts in opposition to the defendant's motion for summary judgment was excusable neglect due to his lawyer's fatal cancer). This case is in its early stage; the danger of prejudice to the defendants is minimal, and there is no indication of bad faith. Relief from the order dismissing Curtis Adams's

claims is appropriate. Assuming that Elizabeth Adams files materials by February 8 showing that she is legally able to pursue this case as the substituted plaintiff, she will have to file an amended complaint by March 15, 2010 in compliance with this court's September 28, 2009 order granting the motion for a more definite statement.

## IV.   Appointment of Counsel

Finally, the translation of Elizabeth Adams's letter indicates a request for this court to "recommend" an attorney. Assuming that Adams is seeking the court to appoint her an attorney, that motion is denied. Appointment of an attorney in a civil case is appropriate only "under exceptional circumstances." *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006). Adams has not demonstrated exceptional circumstances.

## V.   Conclusion

Elizabeth Adams's motion to substitute herself as Curtis Adams's legal representative is deferred. She must file by February 8, 2010 documents establishing that she is the legal representative legally able to pursue this case. If she can make that showing, this case will be reinstated and she will have to file an amended complaint by March 15, 2010 in compliance with this court's September 28, 2009 order granting the motion for a more definite statement. If she fails to file the amended complaint, the case may be dismissed. The motion for appointment of counsel is denied.

SIGNED on January 11, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge